### Sarah A. P. Liscomb *vs.* Harriet R. Eldredge.

#### NEWPORT—DECEMBER 31, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The purpose of the statute requiring that the grounds of a probate appeal be set forth specifically is to notify the adverse party of them, and to enable him to prepare to meet them.

Reasons of appeal stating that the instrument which the lower court refused to admit to probate *is* the last will and testament of the deceased are sufficient.

A., mentioned in the reasons of appeal as sole heir at law of the deceased, and named in the instrument presented for probate, was described as of Dorchester; a citation was on file as part of the record having thereon a return showing that it, and a copy of the reasons of appeal, had been served upon a person of the same name in Boston:—

*Held*, that it was to be presumed, till the contrary appeared, that the person served with the process was identical with the person named in the other papers.

An appeal bond, in proper form, bearing an endorsement by the clerk of the probate court that it was presented to and approved by him when the court was not in session, *held* to be sufficient.

PROBATE APPEAL. Heard on motion to dismiss the appeal on grounds stated in the opinion.

MATTESON, C. J. This is an appeal from a decree of the Court of Probate of Little Compton refusing to admit to probate an instrument in writing, dated May 14, 1880, purporting to be the last will and testament of James Pierce, deceased. The reasons of appeal state as ground of appeal that the instrument is the last will and testament of the deceased. Counsel of the appellee, as *amicus curiæ*, moves to dismiss the appeal

because the reasons of appeal are not sufficiently specific. The term "specific" is relative. The purpose of the statute, in requiring that the grounds of appeal shall be set forth specifically, is to notify the adverse party of them and to enable him to be prepared to meet them at the trial. We think that the reason stated in the present instance is sufficiently specific to answer the requirement of the statute. It is equivalent to the statement that the testator was of sound, disposing mind and memory, and that the instrument was executed and attested in accordance with the statute. We do not see that the appellee would be any better apprised of the case to be met at the trial if these two matters had been separately stated in the reasons of appeal, than by the statement that the instrument is the last will and testament of the deceased in which they are necessarily involved.

The second ground of the motion urged is that the record does not show that the Harriet Richmond Eldredge, heir at law of said James Pierce, described and mentioned in the instrument presented for probate, has ever been served with a notice of appeal or summons. The reasons of appeal pray for a citation to Harriet R. Eldredge, described as of Dorchester, Massachusetts, "sole heir at law of said James Pierce," and there is a citation on file, with an affidavit of service thereon, by a disinterested person, on Harriet R. Eldredge, in Boston, Mass., on April 20, 1897, the service having been made, as the affidavit states, by leaving in her hands and possession a copy of the citation together with a certified copy of the reasons of appeal which accompanied the citation. We think that it is to be presumed, till the contrary appears, that the Harriet R. Eldredge thus served is identical with the Harriet Richmond Eldredge who is mentioned as the heir at law of said James Pierce.

The third ground urged in support of the motion is that the bond filed by the appellant is not sufficient. Gen. Laws R. I. cap. 248, § 1, requires the appellant to give a bond satisfactory to the court, or to the clerk if the court is not in session. The bond is in the usual form and was approved by the clerk, the court not being in session when the bond was

presented for approval, as appears by the minute of the clerk on the bond. The objection to the bond is that it was approved by the clerk instead of the court. The appellee contends that the statute requires that the court should be given a chance to approve or disapprove bonds in appeal cases, and that this right is not to be usurped by the clerk; that he might allow a bond entirely inadequate both as to sureties and penalties, when the court would be just and reasonable. The appellee further contends that the clerk should show from a transcript of his record that the court was not in session at the time when the bond was approved by him, and that the court would not be in session in time to approve the bond. We do not think that such strictness is necessary. The statute gives authority to the clerk to approve the bond if the court shall not be in session. It is not to be assumed that he will not faithfully perform his duty by requiring an adequate bond both as to sureties and penalty. His minute on the bond that the court is not in session when the bond is presented for approval and approved by him is all the evidence that has ever been required of the fact that the court was not in session, and in our opinion is sufficient.

The motion to dismiss is overruled.

*Clarence A. Aldrich*, for appellant.

*L. T. Southard*, for appellee.